RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/17/13

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| TRACY LAFLEUR | : | DOCKET NO. 2:12-0714 |
| VS. | : | JUDGE TRIMBLE |
| ACE AMERICAN INSURANCE COMPANY AND TARGET CORPORATION OF MINNESOTA | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is "Defendants' Motion for Summary Judgment Dismissing Plaintiff's Merchant Liability Claims in Accordance with La. R.S. 9:2800.6" ( R. #10) wherein defendants, Target Corporation of Minnesota and Ace American Insurance Company seek to dismiss the merchant liability claims of plaintiff, Tracy Lafleur, in accordance with Louisiana Revised Statute 9:2800.6 and Rule 56 of the Federal Rules of Civil Procedure.

### FACTUAL STATEMENT

On or about October 22, 2010 plaintiff, her sister and niece went shopping at Target in Lake Charles, Louisiana. After making their purchase, the trio walked from the checkout register towards the exit. As Ms. Lafleur approached the exit door, she slipped and fell allegedly causing her injury. After the fall, Ms. Lafleur was assisted by Target employees and eventually transported to her car via a wheel chair. She immediately went to the hospital for medical treatment. Ms. Lafleur seeks damages for medical expenses, physical and mental pain and suffering, disability, loss of earning capacity and loss of enjoyment of life.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7]

---

[1] Fed. R.Civ. P. 56(c).

[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[3] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[4] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[5] Anderson, 477 U.S. at 249.

[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[7] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[8]

## LAW AND ANALYSIS

Defendants maintain that plaintiff's claims are precluded because she fails to meet the requirements of La.R.S. 9:2800.6, Louisiana's Merchant Liability Statute which is as follows:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which might give rise to danger.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
>> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
>
> C. Definitions:
>
>> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

Plaintiff must prove each of the three elements set forth in section B; failure to prove any of

---

[8] Anderson, 477 U.S. at 249-50.

these required elements will prove fatal to plaintiff's claim.[9] Plaintiff must also "come forward with positive evidence showing that the damage causing condition existed for some period of time and that such time was sufficient to place a merchant defendant on notice of its existence."[10] Absent a showing of this "temporal" element, there can be no inference of constructive knowledge.[11] There is no bright line time period but the degree of vigilance must be commensurate with the risk involved, as determined by the overall volume of business, the time of day, the section of the store and other relevant considerations.[12]

Plaintiff alleges that Target failed to provide a safe environment by allowing a liquid to remain on the floor which caused a hazard. Plaintiff further alleges that Target failed to maintain the floor in a safe condition, failed to inspect the premises and failed to warn plaintiff of an unsafe condition, when Target knew or should have known of the condition.

Defendant alleges that Target (1) neither created nor had actual knowledge of the clear liquid on the floor, and/or (2) did not have constructive knowledge of the liquid on the floor.

Plaintiff testified in her deposition that she did not see the water before she fell and is unable to state where it came from or how long it had been on the floor. However, plaintiff argues that a fact-finder could find that Target, through its employees had actual notice of the spill. To support this assertion, plaintiff relies on the testimony of Target employee Sarah Harrison who stated that

---

[9] White v. Wal-Mart Stores, Inc., 699 So.2d 1081 (La..9/9/97); Alexander v. Wal-Mart Stores, Inc., 707 So.2d 1292 (La.App. 3d Cir. 2/4/98) writ denied, 717 So.2d 1169 (La. 4/24/98).

[10] White, supra;

[11] Jones, 847 So.2d at 49.

[12] Stockwell v. Great Atlantic & Pacific Tea Co., 583 So.2d 1186 (La.App. 1st Cir. 1991).

it was her responsibility to check the floors because of the risk of someone falling and being injured. About two minutes prior to the alleged incident, Ms. Harrison walked past the area of the fall and testified that instead of looking down at the floor as she walked, she looked ahead.

Plaintiff further argues that she has proof the water was on the floor long enough for Target to either protect against the hazard or remove the hazard. Plaintiff relies on Ms. LaFleur's testimony that she had been in line at the register for about five to ten minutes before she fell, and that she did not see anyone spill anything on the floor. Plaintiff further relies on plaintiff's sister's testimony that she also did not see anyone spill anything on the floor. Thus, plaintiff maintains that it can be inferred that the water was on the floor, and Ms. Harrison had sufficient opportunity to discover the spill and take proper precautionary measures to protect customers against the chance of slipping. Plaintiff maintains that it is clear plaintiff can prove that defendant had either actual or constructive notice of the water on the floor the day of the accident.

Plaintiff has persuaded the court with circumstantial evidence that there is a genuine issue of material fact as to whether or not Target had constructive notice.

## CONCLUSION

Based on the foregoing, the motion for summary judgment will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 17th day of April, 2013.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE